ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| **ASOCIACIÓN CONDÓMINES VILLAMIL 306**<br><br>Apelante<br><br>v.<br><br>**EMPRESAS FIDALGO, INC., y otros**<br><br>Apelado | KLAN202500335 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil Núm.: SJ2024CV09740<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

Cintrón Cintrón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de junio de 2025.

La Asociación de Condómines Villamil 306 (Asociación o parte apelante) nos solicita que revoquemos la *Sentencia* notificada el 21 de marzo de 2025, por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan. Mediante la misma, el TPI desestimó y archivó sin perjuicio la causa de acción instada por la Asociación, sobre cobro de dinero y daños y perjuicios, por haber transcurrido el término de 120 días sin que se hubiesen diligenciado los emplazamientos a las partes codemandadas.

Por los fundamentos que expondremos a continuación, se confirma la *Sentencia* apelada.

**I.**

El 21 de octubre de 2024, la Asociación incoó *Demanda* en cobro de dinero contra las Empresas Fidalgo, Inc., la señora Eugenia Fidalgo Gutiérrez y la señora Mercedes Fidalgo Gutiérrez (en

---

[1] Véase *Orden Administrativa DJ 2024-062C* de 6 de mayo de 2025, sobre enmienda a la orden de designación de Paneles en el Tribunal de Apelaciones.

conjunto, partes apeladas). Mediante la misma, alegó que, la parte apelada, Empresas Fidalgo, Inc. era titular de los Apartamentos 101, 102, 103 y 104 ubicados en el Condominio Villamil 306 en San Juan. Aseveró además que, conforme a la Ley de Propiedad Horizontal, la referida parte apelada venía obligada a satisfacer el pago de las cuotas por concepto de mantenimiento y derramas de todos sus apartamentos. Asimismo, detalló que, a pesar de las gestiones extrajudiciales realizadas, esta no había cumplido con el pago de sus obligaciones, por lo que al mes de septiembre de 2024 adeudaba la suma de $63,567.64, más penalidad de un 5% por pago tardío mensual, intereses e intereses por mora.

Así las cosas, el 29 de octubre de 2024, el foro primario expidió los emplazamientos dirigidos a las partes apeladas, Empresas Fidalgo, Inc., Eugenia Fidalgo Gutiérrez y Mercedes Fidalgo Gutiérrez.

Posteriormente, el 21 de enero de 2025, la Asociación presentó *Moción de Emplazamiento por Edicto*. En esta, solicitó que se le autorizara emplazar por edicto a las partes apeladas alegando que, a pesar de haber realizado todos los esfuerzos correspondientes, no había podido diligenciar personalmente los emplazamientos. Empero, mediante *Orden*, notificada el 24 de enero de 2025, el foro de instancia denegó dicha solicitud por entender que al amparo del derecho aplicable las gestiones informadas eran insuficientes.

De otra parte, el 12 de febrero de 2025, la Asociación presentó *Demandada Enmendada* a los efectos de incluir como partes codemandadas a la Sucesión de José Manuel Fidalgo Suárez y de Aurora Gutiérrez Fernández compuesta por la señora Eugenia Fidalgo Gutiérrez y la señora Mercedes Fidalgo Gutiérrez. Cónsono con lo anterior, acompañó proyectos de emplazamiento dirigidos a "Sucesión Fidalgo Gutiérrez P/C Eugenia Fidalgo Gutiérrez" y "Sucesión Fidalgo Gutiérrez P/C Mercedes Fidalgo Gutiérrez".

Así las cosas, habiendo transcurrido el término de 120 días para emplazar sin que la parte apelante diligenciara los emplazamientos, el 7 de marzo de 2025, el foro primario emitió *Orden* mediante la cual le concedió un término de cinco (5) días a la parte apelante para que mostrara causa por la cual no debía desestimar el caso sin perjuicio al amparo de la Regla 4.3(c) de Procedimiento Civil.

En cumplimiento con la referida orden, el 12 de marzo de 2025, la Asociación presentó *Moción de Desistimiento* y *Moción a Expediente Tribunal*. En la primera, expresó que desistía sin perjuicio de su causa de acción contra la parte apelada, Empresas Fidalgo Inc. Sin embargo, en su segundo escrito, informó que, las partes codemandadas, las señoras Mercedes y Eugenia Fidalgo Gutiérrez por sí y en representación de la Sucesión de Jesús Manuel Fidalgo Suárez y Aurora Gutiérrez Fernández habían suscrito documento de renuncia a emplazamiento.

El 20 de marzo de 2025, las señoras Eugenia y Mercedes Fidalgo Gutiérrez, en su capacidad personal y como miembros de las Sucesiones, presentaron *Moción para asumir representación legal y para solicitar término para presentar alegación responsiva*.

En la misma fecha, notificada el 21 de marzo de 2025, el foro primario emitió la *Sentencia* aquí apelada. Mediante la misma, dispuso que la Asociación no acreditó haber emplazado oportunamente a las partes apeladas y señaló que, aun cuando la parte apelante solicitó el desistimiento de su causa de acción contra Empresas Fidalgo, Inc., esta se realizó luego de vencido el término para emplazar. Por todo lo anterior, el foro de instancia desestimó y archivó sin perjuicio la causa de acción instada contra todas las partes codemandadas.

En desacuerdo, el 28 de marzo de 2025, la Asociación presentó *Moción de Reconsideración*. Allí adujo que la Sucesión

había sido incluida en el pleito tras la enmienda a la demanda de 12 de febrero de 2025 y a su vez, destacó que, el 20 de marzo de 2025, momento en el que la Sucesión presentó su moción de comparecencia, el término de 120 días no había expirado. Asimismo, puntualizó que tras dicha comparecencia no solo la Sucesión se sometió voluntariamente a la jurisdicción del Tribunal, sino que las señoras Eugenia y Mercedes Fidalgo Gutiérrez en su carácter personal también lo hicieron. No obstante, el 2 de abril de 2025, el tribunal de instancia emitió *Orden* decretando no ha lugar la solicitud de reconsideración.

Inconforme con lo anterior, el 21 de abril de 2025, la Asociación compareció ante este foro revisor mediante recurso de *Apelación*. En este alega que el foro primario cometió el siguiente error:

> Erró el Honorable Tribunal de Primera Instancia, Sala Superior de San Juan, en dictar Sentencia a favor de la Sucesión José Manuel Fidalgo Suárez y Aurora Gutiérrez Fernández compuesta por Eugenia Fidalgo Gutiérrez y Mercedes Fidalgo Gutierrez y no reconsiderarla.

El 16 de junio de 2025, compareció Empresas Fidalgo, Inc. (parte apelada) mediante *Alegato de la Parte Apelada*.

Con el beneficio de la comparecencia de todas las partes, estamos en posición de resolver.

**II.**

El emplazamiento es el mecanismo procesal utilizado para permitirle al tribunal adquirir jurisdicción sobre la parte demandada. *Ross Valedón v. Hosp. Dr. Susoni et al.,* 213 DPR 481 (2024). El emplazamiento es parte esencial del debido proceso de ley, pues tiene como propósito notificarle, de forma sucinta y sencilla, a la parte demandada que existe una reclamación en su contra. De esta manera se le garantiza su derecho a comparecer al juicio, ser oído y defenderse.

Nuestras Reglas de Procedimiento Civil establecen dos (2) maneras para diligenciar un emplazamiento: de forma personal o mediante edicto. *Sánchez Ruiz v. Higuera Pérez et al.*, 203 DPR 982, 987 (2020). Es norma reiterada de derecho que el diligenciamiento personal del emplazamiento constituye el método idóneo para adquirir jurisdicción. *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994 (2021). Sin embargo, a manera de excepción y en circunstancias específicas, la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V., R. 4.6, permite el emplazamiento por edicto. *Banco Popular v. S.L.G. Negrón,* 164 DPR 855, 865 (2005). En lo pertinente, la Regla 4.6 de Procedimiento Civil, *supra*, dispone, "que se le dirija a la parte demandada una copia del emplazamiento y de la demanda presentada, por correo certificado con acuse de recibo o cualquier otra forma de servicio de entrega de correspondencia con acuse de recibo, [...] al lugar de su última dirección física o postal conocida". *Caribbean Orthopedics v Medshape et al.*, supra, a las págs. 1008-1009.

Expedido el emplazamiento, la parte que solicita el mismo cuenta con un término de 120 días para poder diligenciarlo. Lo anterior, a partir del momento en que se presenta la demanda o de la fecha de expedición del emplazamiento por edicto. Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3(c). En armonía con lo anterior, el Tribunal Supremo de Puerto Rico estableció en *Bernier González v. Rodríguez Becerra,* 200 DPR 637, 651 (2018), que "una vez transcurridos los 120 días sin diligenciar los emplazamientos, el Tribunal de Primera Instancia est[á] obligado a desestimar la demanda de forma automática, ello, sin concesión de prórroga alguna".

Nuestro Más Alto Foro aclaró que el término de 120 días para emplazar "comienza a transcurrir únicamente en el momento que la Secretaría del tribunal expide los emplazamientos, ya sea que tal

expedición ocurra *motu proprio* o ante una solicitud de la parte demandante". *Íd.,* págs. 991-992. Cónsono con lo anterior, en *Pérez Quiles v. Santiago Calderón,* 206 DPR 379 (2021), el Tribunal Supremo de Puerto Rico reiteró que el término de 120 días para diligenciar un emplazamiento comienza a transcurrir desde que el tribunal lo expide.

**III.**

En su recurso, la Asociación sostiene que erró el foro de instancia al dictar sentencia a favor de la Sucesión José Manuel Fidalgo Suárez y Aurora Gutiérrez Fernández compuesta por Eugenia Fidalgo Gutiérrez y Mercedes Fidalgo Gutiérrez y no reconsiderarla. Señala la parte apelante que la Sucesión fue incluida en el pleito mediante enmienda a la demanda el 12 de febrero de 2025. A su vez, sobre este particular, puntualiza que, en el momento en que el foro primario dictó sentencia, no habían sido expedidos los emplazamientos dirigidos a la Sucesión. Así, concluye que, debido a que en el momento en que la Sucesión compareció mediante moción en el pleito, aún no había vencido el término para diligenciar los emplazamientos, esta se sometió voluntariamente a la jurisdicción del tribunal.

De otro lado, la parte apelada aduce que la parte apelante no emplazó a las partes codemandadas Eugenia y Mercedes Fidalgo Gutiérrez dentro del término de 120 días. A esos efectos, señala que los emplazamientos dirigidos a las referidas partes fueron expedidos el 29 de octubre de 2024 y que, conforme al término dispuesto en la Regla 4.3(b) de Procedimiento Civil, el plazo para diligenciarlos expiró el 27 de febrero de 2025. Por ello, arguye que los actos de sumisión voluntaria solo son posibles dentro del término dispuesto para emplazar y concluye que las partes apeladas no se sometieron voluntariamente a la jurisdicción del tribunal. *Le asiste razón.*

Siendo así, en esta ocasión nos corresponde resolver si incidió el foro apelado al desestimar sin perjuicio la causa de acción instada por la Asociación, basado en la expiración del término de 120 días para el diligenciamiento de los emplazamientos. Analizado detenidamente el expediente, respondemos en la negativa.

De entrada, debemos destacar que en el caso ante nuestra consideración la demanda contra Empresas Fidalgo, Inc. y las señoras Mercedes y Eugenia Fidalgo Gutiérrez fue instada el 21 de octubre de 2024 y los emplazamientos fueron expedidos el 29 de octubre de 2024.

Ahora bien, surge del expediente que la Asociación, el 12 de marzo de 2025, presentó escrito a los efectos de acreditar que las partes apeladas, Mercedes y Eugenia Fidalgo Gutiérrez habían suscrito documento de renuncia a emplazamiento. Sin embargo, del documento que aparenta ser suscrito por la señora Eugenio Fidalgo Gutiérrez se desprende que esta lo firmó el 11 de marzo de 2025. Nos llama la atención que el documento no fue presentado en su totalidad, por lo que se desconoce en qué capacidad suscribió la renuncia al emplazamiento. No obstante, lo anterior no varía el resultado. Ello pues en el caso de que su renuncia versara sobre el emplazamiento en su carácter personal, lo cierto es que el documento fue suscrito en una fecha en la cual ya había vencido el término de 120 días para diligenciar el emplazamiento. Además, de haber renunciado al emplazamiento como miembro de la Sucesión, ello no obvia el hecho de que debía ser emplazada en su carácter personal pues la sucesión no posee capacidad jurídica independiente.

Por otro lado, del segundo documento presentado como anejo en la moción instada por la Asociación surge que este fue firmado por la señora Mercedes Fidalgo Gutiérrez el 18 de febrero de 2025. Sin embargo, pese a que el mismo fue firmado en una fecha previo

a vencer el término de 120 días, nos percatamos de que el emplazamiento fue dirigido a la Sucesión Fidalgo Gutiérrez por conducto de la señora Mercedes Fidalgo Gutiérrez. Por lo que, resulta que la Asociación no emplazó a la señora Mercedes Fidalgo en su carácter personal dentro del término dispuesto para ello.

En este caso los emplazamientos fueron expedidos de forma individual, por lo que la Asociación debía emplazar a las señoras Mercedes y Eugenia Fidalgo Gutiérrez en su carácter personal y también debía emplazar a la Sucesión por conducto de estas. No habiendo sucedido así y vencido el término de 120 días para diligenciar el emplazamiento, no era posible que las señoras Mercedes y Eugenia Fidalgo Gutiérrez se sometieran voluntariamente a la jurisdicción del tribunal.

No podemos perder de perspectiva que nuestro más Alto Foro ha reiterado que "la sucesión como persona jurídica no existe en nuestro derecho". *Danz v. Suau*, 82 DPR 609, 614 (1961). En consecuencia, para que una sucesión pueda figurar como parte demandante o demandada en un pleito, entre muchos otros menesteres legales, es necesario que "se particularice e individualice expresando los miembros que la componen". *Pino Development Corp. v. Registradora*, 133 DPR 373, 388 (1993). Esta exigencia responde al hecho de que la sucesión no constituye una entidad legal independiente, con personalidad jurídica propia y separada de sus herederos. Son precisamente los miembros que la integran quienes determinan su existencia y, por ende, deben comparecer como demandantes o demandados en el pleito. *Vilanova et al. v. Vilanova et al.*, 184 DPR 824, 839 (2012). Por tal razón, es necesario que cada uno de los miembros de la sucesión sea debidamente traído al pleito mediante el oportuno emplazamiento, ya que constituyen partes indispensables en el mismo.

Así las cosas, colegimos que actuó correctamente el foro primario al desestimar y archivar sin perjuicio en su totalidad la causa de acción instada por la Asociación.

**IV.**

Por los fundamentos antes esbozados, ***confirmamos*** la *Sentencia* notificada el 21 de marzo de 2025 por el Tribunal de Primera Instancia, Sala Superior de San Juan.

Lo acordó el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones